## WILLIAM F. WILSON, Appellant, v. CHARLES WHITE, Respondent.

109   59
140   540

The will of Y. devised certain real estate to his son for life, and directed that upon the death of the life tenant the land should "be equally divided among his children, should he have any;" if no issue or descendants survived the son, the farm was to be equally divided among "the children or issue" of the testator's brothers and sisters. In September, 1877, proceedings were instituted to sell the testator's real estate for the payment of his debts. At that time his son and four children of the son were living. Several children of the testator's brothers and sisters were also living, who were not made parties to the proceeding. Defendant purchased the property on a sale pursuant to an order of the surrogate in such proceedings, and contracted to sell them to plaintiff, who refused to accept a conveyance on the ground of defect of title. *Held,* that the children of the testator's brothers and sisters were necessary parties to the proceedings; that they took under the will of the testator a good contingent remainder in the premises sought to be sold, subject to be defeated if any of the children of the testator's son survived him (1 R. S. 724, § 16), and the rights of such contingent remaindermen constituted an estate in lands, of which they could not be divested during the existence of the life estate, except by appropriate legal proceedings to which they should be made parties.

Also, *held,* that, as under the will the property must vest in possession in some of the designated remaindermen upon the death of the life tenant, there was no undue suspension of the power of alienation.

The provisions of the act of 1850 (§§ 1, 2, 3, chap 82, Laws of 1850), amending the title of the Revised Statutes in regard to sales of real estate by executors and administrators, by declaring that sales under that title shall not be adjudged invalid for certain specified irregularities, have no application to the rights of persons not parties to the proceeding.

(Argued March 9, 1888; decided March 20, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1886, which directed judgment in favor of defendant upon a case submitted under section 1279 of the Code of Civil Procedure.

Defendant contracted to sell and plaintiff to purchase certain real estate. At the time fixed by the contract defendant tendered a conveyance in the form prescribed, but plaintiff

refused to accept the same and complete the purchase, alleging a defect in title. The question presented was as to the validity and sufficiency of defendant's title.

The facts, so far as material, are stated in the opinion.

*Edward L. Collier* for appellant. The surrogate could not make a valid order, as the children of the testator's brothers and sisters were not cited in the proceedings, and were not served personally with a copy of said order to show cause why the real estate of said decedent should not be sold. (*Ackley* v. *Dygert*, 33 Barb. 177; 3 R. S. [6th ed.] 109, § 9; Code of Civil Pro. § 2514, sub. 11; Redf. Sur. Pr. [2d ed.] 90, 98; *Moore* v. *Reynolds*, 36 Hun, 368; *Nellis* v. *Nellis*, 99 N. Y. 505; *Jordan* v. *Poillon*, 77 id. 518; *Jenkins* v. *Fahey*, 73 id. 355; *Vanderzee* v. *Slingerland*, 103 id. 47.) Said children were devisees and took a contingent interest under the will of said testator. (*Sibley* v. *Waffle*, 16 N. Y. 185; *In re Dolan*, 26 Hun, 46; *Jordan* v. *Poillon*, 77 N. Y. 518; *People* v. *Corlies*, 1 Sandf. 228; *Cleveland* v. *Whiton*, 31 Barb. 546.)

*Milo J. White* for respondent.

RUGER, Ch. J. In October, 1875, William I. Yeomans died seized of real estate in Dutchess county, leaving a will by which such land was devised as follows: "I do give and bequeath to my son Henry J. Yeomans the use of my farm during the term of his natural life, and at his decease to be equally divided among his children, should he leave any, but should there be no issue or descendants him surviving, then to be equally divided among my brothers and sisters' children or issue."

In September, 1877, proceedings were taken by the executors to sell such real estate for the payment of the debts of the testator, and at that time Henry J. Yeomans was, and still is living, as also were his four children, being each of the age of five years or under. There were also then living a number of children of the brothers and sisters of the deceased testator who were not cited upon the hearing of the application before the surrogate and took no part therein.

The principal question now presented is, whether a valid order for the sale of such real estate, could be made by the surrogate, in view of the fact that the children of such brothers and sisters, were not cited to appear before the surrogate on such hearing, and took no part therein. We are of the opinion that a sale ordered under such circumstances, would not cut off the rights of persons not cited thereto. The clause of the will under consideration constituted a valid disposition of the property in question, and gave a life estate to the testator's son Henry J. Yeomans, with remainder over to his children or their issue if he left any, but in case there were none, to the children of his brothers and sisters. Upon the death of the testator the first limitation vested a remainder in fee in the children of Henry J., and the second limitation constituted a good contingent remainder, subject to be defeated, however, if any of said Henry's children survived their father. (3 R. S., § 16, art. 1, tit. 2, chap. 1, part 2 [7th ed.], 2176.)

By the express terms of the will a contingent remainder, in the children of the testator's brothers and sisters, was created, which would take effect in possession upon the death of the said Henry leaving no child, or issue of such child, him surviving. There was in this case no improper suspension of the power of alienation, as the property must in any event vest in possession, in some of the designated remaindermen upon the death of the life tenant. The right of the contingent remaindermen constituted an estate in lands, of which they could not be divested during the existence of the life estate, except by appropriate legal proceedings, to which they were parties.

It was said in *Monarque* v. *Monarque* (80 N. Y. 325), " that unless the contingent interests of unborn issue  *  *  * have been in some way barred, the title of a purchaser in  *  *  * partition proceedings " would be imperfect. It is further said that " a judgment and sale in partition may conclude contingent interests of persons not in being, but this is only in cases where the judgment provides for and protects such interests by substituting the fund derived from the sale

of the land in place of the land, and preserving it to the extent necessary to satisfy such interests as they arise." If such proceedings would not bar contingent interests of persons unborn, it is quite apparent that the interests of living remaindermen, not parties, would not be barred.

When a testator devised "the use and improvement" of certain real estate to his grandson, with power to dispose of the same to the children or grandchildren of the devisee, and for want of such children or grandchildren, the will directed that the estate should descend to the testator's son and his heirs, it was held that the grandson took a life estate and not a fee tail, with remainder in fee to his children and grandchildren, and with an executory limitation over to the testator's son in case the grandson should leave no child or grandchild living at the time of his death. It was further held that the first-born child of the grandson took a vested remainder in fee, subject to open and let in after born children (or grandchildren) and subject to be defeated by the execution of the power of appointment among the children or grandchildren given by the will to the testator's grandson. The grandson, after the birth of five children to him, applied to chancery for authority to sell the estate in behalf of the children, and a sale was directed accordingly and the grandson was authorized by the order to convey, so as to bind all the interest of the children born, or thereafter to be born, as well as the contingent interest of the testator's son. A sale and conveyance were made pursuant to the order. It was held that the purchaser took a title which was defective, for the reason that the grandson might survive his children and grandchildren, in which event the limitation over to the testator's son and his heirs would take effect, and for the further reason that the grandson, by exercising the power of appointment, might give the estate to grandchildren who were not parties to the proceeding. (*Baker* v. *Lorillard*, 4 N. Y. 257.)

We think this authority, if authorities were needed on a question so clear, is decisive of this case, and that the title taken

by the defendant on the surrogate's sale, was fatally defective
The provisions of sections 38, 39 and 40 of title 4, chapter 6
of part 2 of the Revised Statutes, pages 113, 114 of volume 3
(6th ed.), providing that sales under the title in question
should not be adjudged invalid for the certain irregularities
specified, obviously has no application to the rights of persons
not parties to the proceedings.

We are, therefore, of the opinion that the purchaser from
the defendant was not obliged to accept the title tendered by
the defendant in fulfillment of his obligation.   It is unneces-
sary to consider the other points in the case, as the question
discussed is conclusive of this appeal.

The judgment of the General Term should be reversed and
judgment ordered for the plaintiff on the stipulation contained
in the case, with costs.

All concur.

Judgment reversed and ordered accordingly.