WILLIAMS v. HEDRICK et al.

(Circuit Court of Appeals, Seventh Circuit. October 3, 1899.)

No. 483.

1. ESTATE—CONSTRUCTION OF DEED.
   Under the statute of Indiana (2 Burns' Rev. St. 1894, § 3348), providing that it shall not be necessary to use the words, "heirs and assigns of the grantee," in a deed to create in the grantee an estate of inheritance, and, if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed, a proviso in a deed, after the granting clause, that the grantee shall take only a life estate, with remainder in fee to others, is an expression of the grantor's intention which must be given effect, and, unless the remainder is one to which the rule in Shelley's Case applies, the first grantee will take only a life estate.

2. SAME—VESTED REMAINDER.
   Where a deed granted an estate for life, with remainder in fee to the children of the life tenant if he left any surviving him, and, if not, to a nephew of the life tenant, who was named, and the first grantee was without children, the nephew took a vested interest in remainder, subject to devestment in case the life tenant died leaving a child or children, and that interest is one which he may maintain any proper action to protect.

3. TAX SALE—FORECLOSURE OF LIEN—EFFECT OF DECREE.
   Where a purchaser of land at tax sale foreclosed his lien by suit to which the life tenant only was made defendant, and the land was sold under the decree for the full amount of the lien, the interest of the life tenant only passed by the sale, and the lien on the interest of the remainder-man was thereby extinguished.

Appeal from the Circuit Court of the United States for the District of Indiana.

The amended supplemental bill was brought by Lawrence Hedrick, a minor, by next friend, against Charles N. Williams, Charles L. English, trustee, and John W. Kent, to remove incumbrances and to quiet the title to real estate. English and Kent each filed a cross bill, and issue was duly joined upon the bill and cross bills. No important question of pleading is raised, and the points in dispute may be presented more clearly than in any other way by a statement of the facts, about which there is no disagreement.

On August 10, 1886, Jesse E. Hedrick, owning a farm of one hundred and seventy-one acres in Warren county, Ind., conveyed and warranted the same

to Joseph Hedrick by a deed drawn in the statutory short form, in which, following the description of the land, was this proviso: "Provided, always, that the estate herein conveyed to the said grantee, Joseph Hedrick, is for and during his natural life; and at his death the same shall vest absolutely, in fee simple, in the surviving children of the said Joseph, if any there be, as tenants in common; and, in case the said Joseph should die without issue alive, then the fee in said lands shall go to and vest absolutely in Lawrence H. Hedrick, son of Scott L. Hedrick." Joseph and Scott L. are nephews of Jesse E. Hedrick. Joseph is married, is about forty-five years old, but has no child. On January 19, 1891, under the ditch laws of the state (Burns' Rev. St. 1894, § 5632 et seq.), the trustee of Jordan township, where the land is, made a contract with one McAllister for the repair of a public ditch on the land, whereby it was held that a lien attached to the land from the date of the contract for the work done (Crawford v. Hedrick, 9 Ind. App. 356, 36 N. E. 771); and on December 24, 1894, a decree was entered in the Warren circuit court foreclosing the lien for the sum of $294.50, found due. The defendants to the suit were Joseph and Jesse Hedrick, and the appellant, Williams, on whose motion at the same term of court the decree was set aside and the suit dismissed as against him. On the day of entry the decree was sold and assigned to Kent. Two days later, on the 26th, Williams, claiming a right to redeem from the lien of the decree, paid to the clerk of the court the full amount, and the money was accepted by the clerk in satisfaction of the decree; but Kent refused to receive the money, and, after the bringing of this suit, assigned the decree to English, trustee. On June 18, 1891, Joseph Hedrick executed to the First National Bank of Danville, Ill., to secure his note to the bank of May 1, 1891, a mortgage "on all the real estate for life owned and held by" him, and, the mortgage having been foreclosed in the Warren circuit court in a suit brought by the bank against Joseph and Jesse Hedrick, the life estate was sold under and for the full amount of the decree on December 9, 1893, and a certificate of purchase executed by the sheriff to English, as trustee. On November 30, 1894, Williams, for the purpose of redeeming the land from this sale, deposited with or paid to the clerk of the court $822.28, but English refused to take the money. On February 9, 1891, the land was sold at tax sale for $167.59, the delinquent taxes of 1889 and 1890, and a certificate of the sale given to the appellant, Williams, who, after a lapse of two years, on March 20, 1893, received a tax deed; but, recognizing the invalidity of the sale, brought suit in the Warren circuit court to foreclose the lien of the taxes in his own favor, as in such cases provided by statute (3 Burns' Rev. St. § 8640), making defendants Joseph, Lawrence, and Jesse Hedrick, but not English or Kent, or the First National Bank of Danville; and, process not having been served upon Lawrence Hedrick, the suit as against him was dismissed before decree, which was rendered on October 13, 1893, declaring a lien for $512.38, including taxes paid after the sale; and on December 23, 1893, by virtue of the decree, the land was sold and conveyed by the sheriff to Ezra C. Voris, who, on February 22, 1894, quitclaimed to Williams, who, having taken possession, leased the farm to Frank Pence, and for the year 1894 received of him the stipulated rent of $600; but in January, 1895, Pence, without surrendering possession, accepted a lease of Kent; whereupon Williams brought suit for possession, and was given judgment, which was affirmed on appeal. Pence v. Williams, 14 Ind. App. 86, 42 N. E. 494. It is alleged in the cross bill of Kent that on January 10, 1895, Joseph Hedrick and wife conveyed the land to him by deed duly signed, acknowledged, and recorded, but that he had never asserted, and does not now assert, as against the plaintiff, any interest in the land other than to the extent of his judgment, reasonable costs, attorney's fees, and expenses.

The statute of Indiana concerning the conveyance of land (Revision 1881) contains the following provisions:

"Sec. 2927. Any conveyance of lands worded in substance as follows—'A. B. conveys and warrants to C. D. (here describe the premises), for the sum of (here insert the consideration)'—the said conveyance being dated, duly signed, sealed, and acknowledged by the grantor—shall be deemed and held to be a conveyance in fee-simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representa-

tives that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all incumbrances, and that he will warrant and defend the title to the same against all lawful claims."

"Sec. 2929. It shall not be necessary to use the words 'heirs and assigns of the grantee,' to create in the grantee an estate of inheritance: and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed."

"Sec. 2958. Estates tail are abolished; and any estate which, according to the common law, would be adjudged a fee-tail, shall hereafter be adjudged a fee-simple; and if no valid remainder shall be limited thereon, shall be a fee-simple absolute.

"Sec. 2959. A freehold estate, as well as a chattel real, may be created to commence at a future day; and an estate for life may be created in a term of years, with or without the intervention of a precedent estate, and a remainder limited thereon; a remainder of a freehold or a chattel real, either contingent or vested, may be created, expectant on the determination of a term of years.

"Sec. 2960. A remainder may be limited on a contingency, which, in case it should happen, will operate to abridge or determine the precedent estate."

For same provisions in 2 Burns' Rev. St. 1894, see sections 3346, 3348, 3378–3380.

G. W. Paul and S. N. Chambers, for appellant.

Addison C. Harris, for appellees.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The contention of the appellant that the deed of Jesse Hedrick to Joseph Hedrick created in the latter a title in fee simple to the land described is not sound. By the common law a grant to a person named, without the addition of words of inheritance, carries only a life estate; and while it was provided by the statute that it shall not be necessary to use the words, "heirs and assigns of the grantee," to create in the grantee an estate of inheritance, that expression is itself qualified by the added words, "and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed." Under this provision, the very elaborate discussion of common-law doctrines and decisions, to the effect that a granting clause must be construed by itself, and that the estate thereby conveyed cannot be cut down by subsequent terms of the instrument, is irrelevant. By force of the statute the intention of the grantor of land will be sought, in accordance with the ordinary and reasonable rule for the construction and interpretation of writings, in all that is to be found within the four corners of the deed, except when the rule in Shelley's Case is applied. That this deed was intended to give Joseph Hedrick only a life estate could not have been made more certain, and the expression of that intention, as it is found in the instrument, must be given effect. See Prior v. Quackenbush, 29 Ind. 475. The rule in Shelley's Case, when applicable, it has been held, will be enforced notwithstanding the statute, though the effect be to override the evident intention of the grantor (Ridgeway v. Lanphear, 99 Ind. 251), but that rule cannot be invoked here. See Burns v. Weesner, 134 Ind. 412, 34 N. E. 10, Doren v. Gillum, 136 Ind. 134, 35 N. E. 1101,

and McIlhinny v. McIlhinny, 137 Ind. 411, 37 N. E. 147, by which King v. Rea, 56 Ind. 1, and Fletcher v. Fletcher, 88 Ind. 418, were overruled. There being in existence no children of Joseph Hedrick, the remainder in fee is to be regarded as vested in Lawrence H. Hedrick, subject to devestment upon the death of Joseph Hedrick with surviving child or children. In addition to the cases cited above, see Granger v. Granger, 147 Ind. 95, 44 N. E. 189, and 46. N. E. 80; Kilgore v. Kilgore, 127 Ind. 276, 26 N. E. 56; Wilson v. White, 109 N. Y. 59, 15 N. E. 749. In the last case it was said: "The right of the contingent remainder-men constituted an estate in lands of which they could not be devested during the existence of the life estate, except by legal proceedings to which they were parties."

It follows that Lawrence H. Hedrick had a vested estate or interest in the lands here in dispute, for the protection of which he was at liberty to prosecute any appropriate action or suit. It also follows that he is not bound nor his interest cut off by the decree of foreclosure of the appellant's tax lien and the sale thereunder of the land to Voris. If children should be born to Joseph Hedrick, they would doubtless be bound, on the theory of representation, by the decree rendered against him (McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652; Bank v. Taylor, 9 U. S. App. 406, 449, et seq., 4 C. C. A. 55, and 53 Fed. 854); but Lawrence Hedrick and his interest could be affected only by a judgment or decree to which he was a party. He was a defendant in the suit to foreclose the tax lien, but was not served with process, and as against him the suit was formally dismissed. Another important consequence must be recognized: While the lien which was being foreclosed in that suit was a lien upon the entire property, and superior to all interests or estates of whatever character, the decree, taken, as it was, against the owner of a life estate only, extended to no more than that interest, and by virtue of the sale Voris acquired, and was able to convey to Williams, only the life estate of Joseph Hedrick; and, the bid having been for the whole amount of the decree, all other interests in the property were released, and the only harm done or possible to Lawrence Hedrick is the cloud upon his title by reason of the fact that the sale and deed by the sheriff purport to be of the land in fee, and not simply of the life estate of Joseph Hedrick. In this particular the relief granted should have gone only to the extent of adjudging the plaintiff's title and declaring it unaffected by the sale under the decree of foreclosure in favor of Williams. The plaintiff, after the extinguishment of the tax lien by the sale of the life estate, was under no necessity, and therefore had no right, to redeem from the sale in order to protect his own interest.

The ditch lien was one which it was the duty of the life tenant to discharge, and, if not already extinguished by the payment of the proper sum by Williams to the clerk, it was proper to provide for the extinguishment of it out of the rents in the registry of the court.

The mortgage to the First National Bank of Danville was limited in terms to the life estate of Joseph Hedrick, and the foreclosure thereof, and the sale and conveyance to the bank, involved no possible harm to the contingent estate in remainder. What was the effect

of Williams' attempt to redeem from the sale to English, trustee, and of English's attempt to redeem from him, we are not called upon to decide.

In so far as it was adjudged that the plaintiff had a right to redeem from the sale made to Voris, and to receive the rents or profits of the land during the life of Joseph Hedrick, the decree was erroneous. The decree is therefore reversed, and the cause remanded, with direction to enter a decree in conformity with this opinion.