## HALL *v.* BROWNLEE ET AL.

[No. 20,416.　Filed October 28, 1904.　Rehearing denied February 15, 1905.]

1.　WILLS.—*Bequests.*—*Definite Failure of Issue.*—Where testator bequeaths to a son a certain income, to be derived from bonds, "and after the death" of such son, "if he die without issue, I will to the said" certain other legatees, such bonds, such gift over is expressly limited to take effect after such first taker's decease, and therefore imports a definite failure of issue, and is valid.　p. 240.

2.　SAME. — *Bequest.* — *Power of Disposition.* — *Gift Over.* — Where a testator bequeaths to a legatee the interest on certain bonds, but gives no power of disposition to such legatee, a gift over of such bonds is valid.　p. 240.

3.　SAME. — *Executory Bequest.* — *Descent.* — An executory bequest, where the taker is certain and not dependent upon the determination of a contingency, descends to such taker's personal representative. p. 241.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Paul S. Brownlee and others against John B. Hall.　From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.　*Affirmed.*

*C. A. Buskirk* and *John W. Brady,* for appellant.
*Twineham & McGinnis,* for appellees.

MONKS, J.—Samuel Hall died testate in Gibson county, Indiana, in 1862, the owner of real estate and personal property.　The first clause of his will makes provision for his widow.　The second clause is as follows, to wit: "To my son Walter M. Hall I give and bequeath $3,000 in bonds on Vanderburgh county, bonds at par value, which bonds draw six per cent. interest per annum payable on the 1st day of February each year, at the treasurer's office in Evansville.　Said bonds to be held by my son John B. Hall in trust for Walter, which is in full of his share of my estate. If the interest on said bonds, and Walter's services, will more than support him (as I suppose it will), I direct such

overplus of interest to be paid to the children of Catherine Hall by my son William P. Hall, Dec'd. And after the death of Walter (if he dies without issue) the principal of said bonds and whatever remains of the interest thereon (if any) I will to the said children of Catherine—Walter's services are fully worth his board, and it will not likely take more than half of the interest on said bonds to clothe him. In that event there will be $90 a year during Walter's lifetime to be paid to the said children of Catherine Hall. But wishing to make ample provision for Walter, this bequest to the said children of Catherine Hall is to be dependent on the contingency above referred to." After thus providing for his widow, and making said provision for his son Walter, the testator, by the third clause of his will, gives all the residue of his estate to his children "(except Walter who has already been provided for)," in equal parts, taking advancements into consideration, and giving to children of his deceased children their parents' equal share. The children of William P. Hall by Catherine Hall share equally with John B. Hall, and receive their deceased father's full portion of the testator's estate.

Walter M. Hall, named in said will, was and had been for many years prior to the making thereof a person of unsound mind, without any estate or means of support, aside from his expectancy as heir or legatee of his father. The testator was possessed of a large estate, in which Walter's interest as an heir would have amounted to more than $6,000. Said Walter lived thirty-five years after his father's death. John B. Hall, appellant, received, as trustee, the bonds mentioned in the second clause of the will. All the children of Catherine Hall to whom the gift over was made died during the lifetime of Walter M. Hall. After the death of said Walter, appellees, the only heirs at law of the children of Catherine Hall by the testator's son William P. Hall, brought this action against the appellant to recover the legacy given to the children of said Catherine Hall by said

second clause. A trial of said cause resulted in a finding and judgment in favor of appellees.

Appellant insists that the bequest over to the "children of Catherine Hall" was void: (1) Because the same was only to take effect after an indefinite failure of issue of Walter M. Hall; (2) because the first taker, Walter M. Hall, had the right, if it became necessary, to use the entire principal of said legacy, as well as the income thereof; (3) because all the children of Catherine M. Hall died during the lifetime of the first taker, Walter M. Hall, and therefore neither their heirs nor personal representatives are entitled to recover said legacy; (4) because the absolute title to said bonds was given to said Walter M. Hall, and there was no subsequent language sufficient to cut the same down to a less estate.

1. It will be observed that the gift over, if the first taker, Walter M. Hall, dies without issue, is expressly limited to take effect after his decease, which imports a failure of issue at the death of the first taker; that is, a definite failure of issue and not an indefinite failure of issue, as contended by appellant. 17 Am. and Eng. Ency. Law (2d ed.), 565, and cases cited in notes; 24 Am. and Eng. Ency. Law (2d ed.), 436, 437, 442-445; 3 Jarman, Wills (5th Am. ed.), 328-330; 2 Jarman, Wills (6th Am. ed.), *1334, *1335; 2 Roper, Legacies (2d Am. ed.), *1449 et seq.; Smith, Executory Interests, §557, p. 281; 2 Blackstone's Comm., *173 et seq.; Rood, Wills, §§538, 648, 649; 2 Underhill, Wills, §§851, 852; Pinbury v. Elkins (1719), 1 P. Wms. 563, 2 Vern. Pt. 2, 766; Glover v. Condell (1896), 163 Ill. 566, 45 N. E. 173, 35 L. R. A. 360, 368-370, and authorities cited.

2. Appellant's second and fourth contentions are in conflict with the provisions of the will, for by its terms the gift of the $3,000 in bonds was without any power of disposal on the part of Walter M. Hall or the trustee John B. Hall. The gift over of said bonds was not void, therefore, for the

second reason urged. *Hooper* v. *Bradbury* (1882), 133 Mass. 303, 306 *et seq.* The intention of the testator, as shown by the terms of the will, was to give the absolute property in said bonds to said children of Catherine Hall after the death of the first taker without issue. Only the interest on said bonds was subject to be used for the support of said first taker. It is clear that it was not the intention of the testator to give, and that he did not give, to Walter M. Hall a title to said bonds in any way inconsistent with the validity of the gift over. *Homer* v. *Shelton* (1841), 43 Mass. 194.

3. It is settled that all contingent and executory interests, where the person to take is certain—that is, where it does not depend upon the happening of the contingency to determine who is to take the same—are descendible to the heirs or pass to the personal representatives of such person, depending on whether the same is real or personal property. 24 Am. and Eng. Ency. Law (2d ed.), 455, 456, and cases cited in notes 1 and 2, p. 456; 1 Underhill, Wills, §§49, 50; 2 Underhill, Wills, §855; Hopkins, Real Prop., p. 306; 2 Blackstone's Comm., *290; 1 Schouler, Per. Prop., p. 185; 4 Kent's Comm. (13th ed.), *261, *262, *284; Rood, Wills, §80; *Kean's Lessee* v. *Hoffecker* (1836), 2 Harring. (Del.) 103, 29 Am. Dec. 336, and cases cited; *Moor* v. *Hawkins* (1765), 2 Eden 342; *Barnes* v. *Allen* (1782), 1 Brown C. C. 167, 168; *Pinbury* v. *Elkin, supra;* *Smith* v. *Hunter* (1864), 23 Ind. 580.

In the will under consideration the happening of the contingency upon which the gift over depended was not necessary to the determination of who was to take, but the persons to take were certain from the terms of the will. It follows that none of the objections urged by the appellant is tenable.

The judgment is therefore affirmed.