Hadlock *et al. v.* Gray.

Filed Jan. 20, 1886.

---

No. 12,235.

## HADLOCK ET AL. *v.* GRAY.

REAL ESTATE.—*Deed.*—*Construction of.*—*Life-Estate.*—A deed which conveys and warrants to I. and M., husband and wife, certain real estate, and which provides that "after the decease of the said I. and M., the said property to be equally divided between the heirs of said I. and the heirs of M.; if said I. shall die before his wife she is to hold the said property until her death, and provided M. shall die first, then I. is to hold said property until his death, and at the death of both it is to be divided as above stated," vests in the grantees a life-estate for the lives of both.

SAME.—"*Heirs.*"—The word "heirs," as used in the sense above stated, means heirs apparent, who shall take the remainder as soon as the life-estate ends.

From the Fulton Circuit Court.

*M. L. Essick, O. F. Montgomery, M. R. Smith* and *G. W. Holman,* for appellants.

*J. S. Slick* and *S. Keith,* for appellee.

ELLIOTT, J.—The appellee alleges in his complaint that he is the owner of the real estate therein described, and that his title rests upon a deed executed to him in January, 1878, by Isaac Cannon, who has since died; that Isaac Cannon's title was founded upon a deed executed to him and his wife, Mary Cannon, by Charles Jackson and wife, on the 20th day of April, 1876; that this deed, omitting the formal parts, reads thus: " This indenture witnesseth, that Charles Jackson and Catharine Jackson, his wife, of Fulton county, in the State of Indiana, convey and warrant to Isaac Cannon and Mary Cannon, for the sum of twelve hundred dollars, the following real estate in Fulton county, Indiana, to wit: Lot number one hundred and eighty-two, as designated on the plat of Shryock & Bozarth's addition to the town of Rochester, with all the appurtenances thereunto belonging, the said Isaac Cannon to pay all taxes thereon from the day of sale. After the decease of said Isaac Cannon and Mary Cannon, the said property to be equally divided between the heirs of said Isaac Cannon and the heirs of Mary Cannon. If said Isaac Cannon shall die before his wife she is to hold the said property until her death, and provided Mary Cannon shall die first, then Isaac Cannon is to hold said property until his death, and at the death of both it is to be divided as above stated." It is also alleged that both Isaac and Mary Cannon are dead; that the deed of the former was made after the death of his wife; that the appellants are the children and grandchildren of Isaac and Mary Cannon; that they claim title to the real estate; that they have, in fact, no title, and that the appellee is entitled to a decree quieting his title. The prayer is, that appellee's title be quieted, and that the appellants be decreed to have no interest in the real estate.

The controlling question in the case turns upon the effect to be given the deed executed to Isaac and Mary Cannon. If that deed vested a fee in them as tenants in entirety, then the judgment below was right; if it vested in them a life-estate for the lives of both, then the judgment is wrong. Our opinion is, that the deed vested in them a life-estate and nothing more.

It is true that where real property is conveyed to husband and wife jointly, and there are no limiting words in the deed, they will take the estate as tenants in entirety. *Davis* v. *Clark*, 26 Ind. 424; *Dodge* v. *Kinzy*, 101 Ind. 102, *vide* authorities cited p. 105. But while the general rule is as we have stated it, there may be conditions, limitations, and stipulations in the deed conveying the property, which will defeat the operation of the rule. The denial of this proposition involves the affirmation of the proposition that a grantor is powerless to limit or define the estate which he grants, and this would conflict with the fundamental principle that a grantor may for himself determine what estate he will grant. To deny this right would be to deny to parties the right to make their own contracts. It seems quite clear, upon principle, that a grantor and his grantees may limit and define the estate granted by the one and accepted by the others, although the grantees may be husband and wife. Washburn says, in speaking of conveyances to husband and wife, that "It is always competent, however, to make husband and wife tenants in common, by proper words, in the deed or devise by which they take, indicating such an intention." 1 Washb. Real Prop. 674.

Another author says: "And furthermore, if at any time a joint tenancy or tenancy in common is desired to be created between man and wife, a joint estate will be treated as such, if that intention is clearly expressed in the deed or will." Tiedeman Real Prop., section 244.

The principle which we have asserted is thus declared by an author whose work for more than half a century has been

regarded as authority : " In point of fact, and agreeable to natural reason, free from artificial deductions, the husband and wife are distinct and individual persons; and accordingly, when lands are granted to them as tenants in common, thereby treating them without any respect to their social union, they will hold by moieties, as other distinct and individual persons would do." 1 Preston Estates, 132.

The language employed in the deed under examination plainly declares that Isaac and Mary Cannon are not to take as tenants by entirety. This result would follow from the provision destroying the survivorship, for this is the grand and essential characteristic of such a tenancy. Our conclusion need not, however, be placed on this ground, as the whole force of the language employed is opposed to the theory that the deed creates an estate in fee in the husband and wife.

The deed does not contain the language essential to vest in the first taker an estate in fee under the rule in *Shelley's Case.* There are no words in the deed conveying to Isaac and Mary Cannon and their heirs the estate ; on the contrary, the conveyance is to them for their joint lives, with the provision that upon the termination of the life-estate the land shall be divided among their heirs. When the word " heirs " is used, as it is in this instance, it does not designate those who shall take in indefinite succession, but it designates persons who shall take the remainder as soon as the life-estate ends. When that word is employed in the sense in which it is here used, it means heirs apparent, and not heirs. We have in recent cases given this question careful consideration, and we do not deem it necessary to again discuss it. *Fountain County C. & M. Co.* v. *Beckleheimer,* 102 Ind. 76 (52 Am. R. 645) ; *Shimer* v. *Mann,* 99 Ind. 190, *vide* auth. p. 193 (50 Am. R. 82).

There is no reason why the clearly expressed intention of the parties to the deed should not prevail, for neither the rule in *Shelley's Case,* nor any other rule of law, opposes the way of the court to a natural and reasonable construction of the deed, and surely no one who reads the deed can doubt that it

was intended to vest a life-estate, and not à fee, in Isaac Cannon and his wife.

What we have said disposes of the whole case, for it is impossible that a valid judgment can rest on a complaint utterly and irreclaimably bad.

Judgment reversed, with instructions to sustain the demurrer to the complaint, and to proceed in accordance with this opinion.

Filed Jan. 9, 1886.