SIMONS ET AL. v. BOLLINGER.

[No. 18,779.   Filed January 24, 1900.]

HUSBAND AND WIFE.—*Deeds.—Joint Tenancy.—Estates by Entireties.*—A deed of conveyance to a husband and wife containing the word "jointly" in the granting clause does not create an estate of joint tenancy, but one of entireties, the word "jointly" being mere surplusage.

From the LaGrange Circuit Court. *Affirmed.*

*F. J. Dunten, J. E. McClaskey* and *J. M. Van Fleet,* for appellants.

*J. S. Drake, F. D. Merritt, A. Zollars* and *C. H. Worden,* for appellee.

HADLEY, C. J.—Kerr and wife held land conveyed to them by deed in the words following: "Convey and warrant to David S. Kerr and Clara Kerr, his wife, *jointly* the" etc.

The only question presented for decision is whether the words employed created in David and Clara Kerr an estate in joint tenancy, or an estate by entireties. It is agreed that if they create an estate in joint tenancy, the judgment should be reversed; and if an estate by entirety, it should be affirmed. It is also conceded by appellant that "the omission from the deed of the word 'jointly' would clearly make Kerr and wife tenants by the entirety; so that the exact question is, does that word make then joint tenants?"

Section 3341 Burns 1894, §2922 Horner 1897, follows: "All conveyances and devises of lands, or of any interest therein, made to two or more persons, except as provided in the next following section, shall be construed to create

estates in common and not in joint tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy."

The exception is in these words: "The preceding section shall not apply to mortgages, nor to conveyances in trust, nor when made to husband and wife; and every estate vested in executors or trustees, as such, shall be held by them in joint tenancy."

It will be observed that the question we have here is not controlled by the statutes but must be determined by the rules of the common law. Under the common law the two estates have been recognized from a very early period in the history of the law. The distinctive difference between them is: (1) A joint tenancy may be vested in any number of natural persons more than one; a tenancy by entirety can be vested only in husband and wife. (2) Joint tenants take by moieties, and each is seized of an undivided moiety and of the whole, *per my et per tout;* while husband and wife take each the entirety, *per tout.* (3) Joint tenants may severally alienate their interests; husband and wife can do so only by acting jointly. (4) Joint tenants may sever and continue to hold their estates; the estate of husband and wife is inseverable while it remains theirs. (5) Joint tenants may have partition; husband and wife can not, during the marriage. Upon the death of one joint tenant, his estate is cast upon the survivors, and the last survivor takes the whole. Upon the death of husband or wife, the survivor takes the whole. Freeman on Coten. and Par. §64.

Undoubtedly there is an element of joint holding in both estates. Joint tenants hold jointly the whole and the several parts; tenants by the entirety hold jointly the whole. This common jointure has been recognized by eminent authors in treating of tenancies by entireties as a species of joint tenancy.

"A still more peculiar joint estate is that which belongs to a husband and wife, where the same is conveyed to them as such." 1 Washb. Real Prop. (4th ed.), p. 672.

Preston says: "Tenancy by entireties is when husband and wife take an estate to themselves jointly, by grant or devise." 1 Preston on Estates, 129.

"This is a peculiar tenancy and arises at common law when an estate is conveyed or demised to a husband and wife *jointly* during coverture." Wharton's Conv. 121.

"Tenancy by entireties occurs, * * * 'where the husband and wife are jointly seized to them and their heirs of an estate made during the coverture.' * * * It constitutes the most intimate union of ownership known to the law." 2 Challis on Real Prop., 281.

In many of our cases this court has referred to the seizin of husband and wife as being joint. In *Bevins* v. *Cline*, 21 Ind. 37, it is said: "There are four kinds of joint tenancy at common law, viz.: In common, in parcenary, in joint tenancy and in tenancy by entireties. * * * If a conveyance of land be made to a man and woman, who are then husband and wife, they take as joint tenants by entireties." To the same effect, see *Davis* v. *Clark*, 26 Ind. 424, 89 Am. Dec. 471; *Jones* v. *Chandler*, 40 Ind. 588, 592; *Anderson* v. *Tannehill*, 42 Ind. 141; *Patton* v. *Rankin*, 68 Ind. 245, 34 Am. Rep. 254; *Phelps* v. *Smith*, 116 Ind. 387, 391; *Carver* v. *Smith*, 90 Ind. 222, 46 Am. Rep. 210; *Morrison* v. *Seybold*, 92 Ind. 298.

In *Hadlock* v. *Gray*, 104 Ind. 596 at page 598, it was said by Elliott, J.: "It is true that where real property is conveyed to husband and wife jointly, and there are no limiting words in the deed, they will take the estate as tenants in entirety." It is also said by Hackney, J., in *Brown* v. *Brown*, 133 Ind. 476 at page 477: "The question is now well settled in this State, that if a conveyance be made to husband and wife jointly and without words limiting the estate taken, they will take as tenants in entirety."

Words of like import abound in our text-books and adjudicated cases in referring to estates of husband and wife, and while it is well settled that technically the estate of joint tenancy and estate by the entirety are separate and distinct estates, yet the frequent reference by courts and authors to them both as joint estates, whatever the fact may be, should be of service in determining the legal effect of the word "jointly" as used in the deed under review, and whether the word .was aptly or inaptly employed. Moreover, joint tenancies had their origin under a government that discouraged the severance of landed estates, to promote which policy all conveyances to two or more persons, except to husband and wife, were held to be joint tenancies, unless, by clear and apt words of limitation, some other was described. All presumptions and doubts were turned to the support of joint tenancies. *Case* v. *Owen,* 139 Ind. 22; Freeman Coten. and Par. §18. In this country, the policy and rule of construction are directly reversed. In this and most of the states, from our earliest history, the political policy has been to encourage the distribution of lands among the people, to advance which all conveyances to more than one person, except to husband and wife, have been construed to be tenancies in common, unless another estate is fixed by express and definite words of limitation. *Carver* v. *Smith,* 90 Ind. 222.

Sections 3341, 3342 Burns 1894, which are reënactments of former statutes to same effect, emphasize two propositions, viz.: (1) That joint tenancies must be held in disfavor and refused, except when forced by clear and unmistakable words, and· (2) that the rule of the common law, as applicable to conveyances to husband and wife, should remain undisturbed in this State. The strength of that rule is stated by an eminent author in these words: "But if our theory needs any further support, this support is found in the fact that all the English adjudications upon this subject, as well as all the earlier writers upon the common law, assert

that husband and wife can not, by any words of limitation, however well chosen for that purpose, receive an estate as joint tenants." Freeman on Coten. and Par. (1st ed.), §64. While the rule has been somewhat relaxed in this State in deference to the contractual rights of parties, the rule, nevertheless, exists that all presumptions must be indulged and all doubts resolved against such estates, and in favor of estates by entireties in conveyances to husband and wife.

The words "Convey and warrant to David Kerr and Clara Kerr, his wife, jointly" do not in terms create in the spouses a joint tenancy; and whether the word "jointly" was intended to relate to the union of the title and enjoyment, or to characterize the seizin and tenancy, or whether it was inaptly used by the grantor, and without legal signification (as we have seen so frequently happen with eminent authors and judges) is not altogether free from doubt; but, however this may be, it is clear that, under the rule above stated, we must construe it to be surplusage, and the estate conveyed one of entireties.

The cases of *Thornburg* v. *Wiggins*, 135 Ind. 178, 22 L. R. A. 42, and *Wilkins* v. *Young*, 144 Ind. 1, are not analogous. In each of these the words employed were "in joint tenancy", the very language of the books, and we are satisfied that the application of the rule in these cases was as liberal as is warranted by the authorities. *Case* v. *Owen*, 139 Ind. 22, has no application. In the Owen case, the grantees were unmarried.

Judgment affirmed. Baker, J., did not participate.