## RICHARDS ET AL. *v.* RICHARDS.

[No. 9,152. Filed November 3, 1915.]

1. HUSBAND AND WIFE.—*Conveyances.*—*Estates Granted.*—*Deed to Husband and Wife.*—*Statutes.*—Under the provisions of §§3953, 3954 Burns 1914, §§2922, 2923 R. S. 1881, relative to the estates created by conveyances made to two or more persons, a deed of lands to a husband and wife, containing no qualifying words, conveys an estate to them as tenants by the entirety, even though the grantees are not therein described as being husband and wife. p. 38.

2. HUSBAND AND WIFE.—*Conveyances.*—*Construction.*—*Deed to Husband and Wife.*—Where a deed of conveyance to a husband and wife contains words which so qualify or define the estate conveyed as to make it apparent that the parties intended the grantees to hold as tenants in common, such intention will prevail and be given effect. p. 38.

3. DEEDS.—*Construction.*—*Granting and Habendum Clauses.*—A deed is to be construed as a whole and effect is to be given to each and every part if possible, and the intention of the parties as to the kind of estate conveyed, if clearly expressed, will be given effect regardless of the technical rule that the granting clause will prevail over the *habendum* or other parts of the deed tending to curtail or

modify the estate conveyed, unless there is irreconcilable conflict, in which event the granting clause will prevail. p. 39.

4.   HUSBAND AND WIFE.—*Deed to Husband and Wife.—Construction.* —The provisions of a deed of land made to a husband and wife, that if the land was not sold by grantees, then at the death of the husband his half of said land should go equally to all his children, and that if the wife had not sold her part at her death, one-half should be divided equally between her children and her husband's children by his first wife, were not repugnant to the granting clause in the sense that they detracted from or lessened the title conveyed to grantees, but showed an intention that the title was to be taken and held by them in common, and not by the entirety, which must prevail as against the granting clause, though the latter, standing alone, would have conveyed an estate by the entirety.   p. 39.

From Delaware Circuit Court; *William A. Thompson,* Special Judge.

Action by Lewis E. Richards and another against Clement E. Richards. From a judgment for defendant, the plaintiffs appeal. *Reversed.*

*Orr & Orr,* for appellants.
*Warner & Warner,* for appellee.

FELT, J.—Appellants brought this suit against appellee to quiet title to certain real estate and for partition. The cause was tried by the court and upon due request a special finding of facts was made and conclusions of law stated thereon, on which judgment was rendered that appellants take nothing and that appellee recover his costs. Both appellants and appellee concede in their briefs that the determination of the controlling question depends upon the construction of the deed, under which both appellants and appellee claim title, a copy of which is set out in the fourth paragraph of answer, and is also embodied in the finding of facts. The deed is in substance as follows:

"This indenture witnesseth, That William A. Roseboom and Almyra Roseboom of Madison County in the State of Indiana convey and warrant to Dan'el Richards and Susana Rich-

ards of Delaware County in the State of·Indiana for the sum of $2841.10 the following real estate   *   *   *   (describing it) and if the said Daniel Richards and Susana Richards shall not sell said property during either their natural lives then at the said Daniel Richards' death, his half of said land shall go equally to all his children and if the said Susana has not sold her part at her death, one-half shall be divided equally between her children and her husband's children by his first wife   *   *   *."

The court found that at the date of such conveyance William Roseboom was the owner in fee simple of the real estate conveyed and that he and his wife conveyed the same to the grantees for the consideration of $2,841.10; that said deed was accepted by the grantees and duly recorded; that at the time of the execution of said deed Daniel Richards had children living by a former marriage, viz., Lewis E. Richards and Addie E. Leach, the appellants, and appellee, Clement E. Richards, and he at no time had any other children; Susana Richards at said date had children living by a former marriage; that at the date of said conveyance, Daniel Richards and Susana Richards, were husband and wife; that in 1905, they sold and conveyed the west fifty-two acres of said real estate and Daniel Richards executed no other conveyance whatever for any part of the land; that he died in 1909, intestate, as to the remaining portion of said real estate estimated to contain 32.47 acres; that he left surviving him his widow and the appellants and appellee, his children, who were his only heirs at law. On May 9, 1912, Susana Richards executed to Clement E. Richards a warranty deed for the 32.47 acres, for and in consideration of love and affection; that said grantee had been in exclusive possession of said real

estate since the date of the last mentioned deed; that Susana died intestate on June 3, 1912.

The court's conclusions of law are in substance as follows: That the deed of conveyance from William Roseboom and wife to Daniel Richards and Susana Richards conveyed to them as tenants by entirety the fee simple title to the real estate; that at the death of Daniel Richards, Susana Richards became the owner in fee of the unsold portion of said real estate amounting to 32.47 acres which is described; that the deed to Clement E. Richards conveyed to him the fee simple title to said real estate and he is still the owner thereof; that appellants take nothing and that appellee recover his costs. Appellants insist that the court erred in holding that the deed "created an estate by entireties in Daniel and Susana Richards", and in ignoring the "limiting and qualifying clause in the Roseboom deed, and in giving to it no place in construing the contract of conveyance." Appellants admit that "If these words shall be held without meaning in their connection, in a proper and reasonable construction of the deed as a whole, then Daniel Richards and wife took the title as tenants by the entirety, and on the death of Daniel, his wife Susana, who survived him, took the whole by the right of survivorship which attaches to such estates. In that view of the case the decision of the trial court is correct and the appeal is without merit." Appellee says: "No cross-errors have been assigned and but one question is before this court, viz., whether or not the Roseboom deed created a tenancy by entirety or a tenancy in common. If the former, as we earnestly contend, then appellee is the owner in fee simple of all the land in controversy; if the latter, then appellants are entitled to partition."

Section 3953 Burns 1914, §2922 R. S. 1881, pro-

vides: "All conveyances and devises of lands, or of any interest therein, made to two or more 1. persons, except as provided in the next following section, shall be construed to create estates in common and not in joint-tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint-tenancy and to the survivor of them, or if it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint-tenancy." Section 3954 Burns 1914, §2923 R. S. 1881, provides that: "The preceding section shall not apply * * * to conveyance * * * when made to husband and wife. * * * " The law affecting a conveyance of real estate to husband and wife has been frequently construed by the Supreme Court and the rule is established in this State that in such conveyance, where the deed contains no qualifying words, the grantees take and hold the estate as tenants by entirety. *Simons* v. *Bollinger* (1900), 154 Ind. 83, 85, 56 N. E. 23, 48 L. R. A. 234; *Brown* v. *Brown* (1893), 133 Ind. 476, 477, 32 N. E. 1128, 33 N. E. 615; *Hadlock* v. *Gray* (1886), 104 Ind. 596, 598, 4 N. E. 167; *Carver* v. *Smith* (1883), 90 Ind. 222, 224, 46 Am. Rep. 210. Where the relation of husband and wife exists, they need not be so described in the deed, in order to create such estate. *Thornburg* v. *Wiggins* (1893), 135 Ind. 178, 182, 34 N. E. 999, 41 Am. St. 422, 22 L. R. A. 42; *Chandler* v. *Cheney* (1871), 37 Ind. 391; *Hulett* v. *Inlow* (1877), 57 Ind. 412, 26 Am. Rep. 64. Where, however, there are words in the deed which so 2. qualify or define the estate conveyed, as to make it apparent that the parties intended the grantees to hold as tenants in common, such intention will prevail and must be given effect. *Hadlock* v. *Gray, supra; Brown* v. *Brown, supra; Thornburg*

v. *Wiggins, supra,* 185; *Dodds* v. *Winslow* (1901), 26 Ind. App. 652, 654, 60 N. E. 458; *Edwards* v. *Beall* (1881), 75 Ind. 401, 408; *Prior* v. *Quackenbush* (1868), 29 Ind. 475, 478; *Wilkins* v. *Young* (1895), 144 Ind. 1, 5, 41 N. E. 68, 590, 55 Am. St. 162; *Simons* v. *Bollinger, supra;* 1 Washburn, Real Prop. (5th ed.) 674. A deed is to be construed as a whole and effect is to be given to each and every part if possible. Where the intention of the parties

3. as to the kind of estate conveyed is clearly expressed, such intention will be given effect, regardless of the technical rule that the granting clause will prevail over other portions of the deed which tend to modify or curtail the estate conveyed. But where there is irreconcilable conflict between the granting clause and the *habendum* or other portions of the deed, and the intention is thereby rendered doubtful, the granting clause will prevail over other parts of the deed. *Adams* v. *Merrill* (1910), 45 Ind. App. 315, 319, 328, 85 N. E. 114, 87 N. E. 36; *Doren* v. *Gillum* (1894), 136 Ind. 134, 138, 35 N. E. 1101; *Edwards* v. *Beall, supra;* *Wilkins* v. *Young, supra; Case* v. *Owen* (1894) 139 Ind. 22, 24, 38 N. E. 395, 47 Am. St. 253; 1 Jones, Conveyancing §568; *Hopkins* v. *Hopkins* (1908), 114 S. W. 673; *Dickson* v. *Van Hoose* (1908), 157 Ala. 459, 47 South, 718, 19 L. R. A. (N. S.) 719; 8 R. C. L. 1043 §§98-101.

Appellee insists that the *habendum* or qualifying clause in the deed in controversy is repugnant and contrary to the premises and is void as

4. an attempted limitation over of a fee after a fee granted; that an absolute power of disposition and a limitation over are inconsistent with each other; that the intention of the parties, when ascertained, will be given effect, but if such intention is found to be in conflict with any well-estab-

lished rule of law it cannot prevail. The legal propositions above stated are not controverted, but the contention arises over the meaning and effect of the language of the deed and the law applicable thereto.

The granting clause is in the usual form and standing alone and unqualified would have conveyed to the grantees an estate by entirety. The subsequent provisions are not repugnant to the granting clause in the sense that they detract from, or lessen, the title conveyed to the grantees for they clearly recognize title in the grantees. *Mulvane* v. *Rude* (1896), 146 Ind. 476, 482, 45 N. E. 659. But this may be true and yet the language may be sufficient to evince an intention to convey and hold the title as tenants in common and not as tenants by entirety. The question relates to the description and nature of the estate held by the grantees without disputing the absolute character of such estate. If the language clearly shows an intention to take and hold the title as tenants in common, then such intention must be given effect. If the intention is clear it is not to be rejected because it is not expressed in the most approved form of legal expression.

It is provided that if the property was not sold by the grantees "then at the said Daniel Richard's death, his half of said land shall go equally to all his children and if the said Susana has not sold her part at her death, one-half shall be divided equally between her children and her husband's children by his first wife." This language shows that the parties intended to hold the property in separate equal moieties, which they understood would descend to their respective legal heirs at their death. The fact that the provision is in a sense testamentary in character does not prevent its consideration in determining the intention of the parties, and we are not

now concerned with its legal effect except in ascertaining the intent of the parties as to the character of the estate conveyed. All the language is to be considered in determining such intent regardless of its ultimate legal effect. Construing all parts of the deed it shows the parties intended the grantees to take and hold the title as tenants in common, and not as tenants by entirety. Gray, Rule Against Perpetuities § §629-632; *Ridgeway* v. *Lanphear* (1885), 99 Ind. 251, 257; *Garrison* v. *Day* (1905), 36 Ind. App. 543, 548, 76 N. E. 188. From this it follows that the court erred in its conclusions of law and that the judgment must be reversed. However, owing to the state of the record, the court is of the opinion that the ends of justice will be best subserved by granting a new trial. *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 259, 105 N. E. 467; *Inland Steel Co.* v. *Kiessling* (1910), 174 Ind. 630, 634, 91 N. E. 1084. The judgment is reversed with instructions to the lower court to grant a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 110 N. E. 103. On the creation of entirety estates, see 30 L. R. A. 320; 33 L. R. A. (N. S.) 166. Sufficiency of deed to create tenancy by entirety, see Ann. Cas. 1912 C 927. See, also, under (1) 21 Cyc 1195; (2) 21 Cyc 1198; (3) 13 Cyc 604, 605, 618; (4) 13 Cyc 619.