### KIRACOFE v. KIRACOFE.

[No. 11,742.   Filed January 9, 1924.]

1. HUSBAND AND WIFE.—*Deed.*—*Tenancy by Entireties.*—A deed to husband and wife "jointly" creates an estate by entireties and not in joint tenancy, the word "jointly" being mere surplusage. p. 658.

2. ESTATES.—*By Entireties.*—*Effect of Divorce.*—An estate by entireties is converted by divorce into a tenancy in common. p. 658.

From Wabash Circuit Court; *Frank O. Switzer,* Judge.

Action for divorce by Florence S. Kiracofe against Alvin R. Kiracofe. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Aiken, Douglas & Aiken,* for appellant.
*Otto H. Krieg,* for appellee.

NICHOLS, J.—Action by appellee against appellant for divorce on the ground of cruel and inhuman treatment, for alimony, and for the custody of three children, the issue of the marriage.

Appellant answered in denial, and filed a cross-complaint alleging cruel and inhuman treatment, and further alleging that certain real estate, their home, was a present to him from his parents, that his mother gave him the money with which to erect the dwelling house thereon, and that in 1916 he conveyed said real estate through a trustee to himself and wife, "jointly, and not as tenants by entirety." In addition to his prayer for divorce and for the custody of the children, he prayed that the real estate be decreed to be his individual property, and that a commissioner be appointed to reconvey the title to him.

There was a trial by the court, and a judgment in favor of appellee for divorce, and for the custody of the children, with $12 per week for their support, for alimony in the sum of $500, and that the real estate which was theretofore held by them as tenants by entirety, thereafter be held by them as tenants in common.

The error relied on in this court is the action of the court in overruling appellant's motion for a new trial, which presents that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

We hold that the evidence is sufficient to sustain the

court's finding that appellant was guilty of cruel and inhuman treatment. Nothing can be gained by setting it out in this opinion.

Appellant contends that the decision of the court as to the real estate is contrary to law for the reason that it held that the title, before the divorce, was in

1. appellant and appellee, husband and wife, as tenants by entirety, and hence by the judgment they became owners as tenants in common. It is appellant's contention that the title by the conveyance from the trustee was vested in appellant and appellee as joint tenants. The language of the deed is "to Alvin R. Kiracofe and Florence S. Kiracofe, husband and wife, jointly." This precise question was presented in the case of *Simons* v. *Bollinger* (1900), 154 Ind. 83, 56 N. E. 23, 48 L. R. A. 234, and it was there held that a deed of conveyance to a husband and wife containing the word "jointly" in the granting clause does not create an estate in joint tenancy, but one of entireties.

The estate at the time of the divorce being one of entireties, it was thereby converted into an estate in common. *Lash* v. *Lash* (1877), 58 Ind. 526;

2. *Sharpe* v. *Baker* (1911), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44.

Judgment affirmed.