

**FILED**
Mar 23 2016, 5:40 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| Arend J. Abel | Scott D. Pankow |
| Cohen & Malad, LLP | Indianapolis, Indiana |
| Indianapolis, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cheryl L. Underwood, | March 23, 2016 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 53A01-1509-MI-1305 |
| v. | Appeal from the Monroe Circuit Court. |
| | The Honorable E. Michael Hoff, Judge. |
| Thomas Bunger, in his capacity as the Personal Representative of The Estate of Kenneth K. Kinney; Judith M. Fulford; and Sheree Demming, | Cause No. 53C01-1504-MI-657 |
| *Appellees-Defendants.* | |

**Barteau, Senior Judge.**

## Statement of the Case

[1]   Cheryl L. Underwood appeals the trial court's grant of the Estate of Kenneth K. Kinney's motion to dismiss. We affirm.

# Issue

Underwood raises two issues, which we consolidate and restate as: Whether the trial court erred in interpreting the parties' warranty deed.

# Facts and Procedural History

On July 25, 2002, Merrill Kissick executed a warranty deed to Cheryl L. Underwood, Kenneth Kinney, and Judith M. Fulford. Kinney and Fulford were husband and wife. The deeded property was located at 812 East Eighth Street in Bloomington.

Subsequently, Sheree Demming sued Underwood and Kinney. On June 20, 2014, Demming obtained a judgment against Underwood and Kinney for $154,552.14. The judgment became a lien on the Eighth Street property.

Kinney died on November 16, 2014. The current case began on April 13, 2015, when Underwood sued the Estate, Fulford, and Demming, requesting sale and partition of the Eighth Street property. The Estate filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6), asserting that the Estate had no interest in the property because Fulford received Kinney's interest in the property upon his death. Demming filed a motion for summary judgment, asking the trial court to determine that the Estate had no interest in the property and that she had a valid, enforceable lien against Underwood's interest in the property.

Underwood responded to the motions and the trial court held oral argument. After the hearing, the court granted the Estate's motion to dismiss and

Demming's motion for summary judgment, concluding that Underwood and Fulford each owned a fifty percent interest in the Eighth Street property. The court further concluded that Demming's lien on the property applied only to Underwood's interest. Underwood now appeals.[1]

## Discussion and Decision

[7] Underwood claims the trial court misinterpreted the 2002 warranty deed. Resolving this appeal requires us to determine the nature of the joint property interest that the deed granted to Underwood, Kinney, and Fulford. The construction of a written instrument such as a deed is a pure question of law. *Corn v. Corn*, 24 N.E.3d 987, 994 (Ind. Ct. App. 2015), *trans. denied*. Our standard of review is de novo, meaning that we owe no deference to the trial court's determination. *Barrington Mgmt. Co., Inc. v. Paul E. Draper Family Ltd. P'ship*, 695 N.E.2d 135, 140 (Ind. Ct. App. 1998).

[8] When construing a written instrument, unambiguous contractual language is conclusive upon the parties and the courts. *Niezer v. Todd Realty, Inc.*, 913 N.E.2d 211, 215 (Ind. Ct. App. 2009), *trans. denied*. The court should attempt to determine the parties' intent at the time the instrument was executed. *Id.* If an instrument's language is unambiguous, the parties' intent is determined from the four corners of the document. *Id.* The written instrument must be read as a

---

[1] Fulford and Demming are not participating in this appeal. Nevertheless, a party of record below remains a party on appeal. Ind. Appellate Rule 17(A).

whole, and every attempt must be made to avoid rendering words, phrases, or terms ineffective or meaningless. *Id.* at 215-16.

[9]     In Indiana, there are three forms of concurrent ownership of real property: joint tenancy, tenancy in common, and tenancy by the entirety. *Powell v. Estate of Powell*, 14 N.E.3d 46, 48 (Ind. Ct. App. 2014). Tenancy by the entirety exists only between married spouses. *Id.* As a general matter, property held by the entireties creates an estate owned by the spouses as one unit. *Anuszkiewicz v. Anuszkiewicz*, 172 Ind. App. 279, 360 N.E.2d 230, 232 (1977). Each is seized of the whole estate rather than an individual portion, so that upon the death of one, the survivor holds under the original grant. *Id.*; *see also* Ind. Code § 32-17-3-1 (2002) ("Upon the death of either party to the marriage, the survivor is considered to have owned the whole of all rights under the contract from its inception."). Accordingly, no transfer of the property occurs between the spouses by survivorship. *Id.*

[10]    By contrast, a tenancy in common is property held by two or more persons by several and distinct titles. *Windell v. Miller*, 687 N.E.2d 585, 587-88 (Ind. Ct. App. 1997). Tenants in common are united only by their right to possession of the property, and their rights and interests are held severally rather than jointly. *Id.* at 588.

[11]    In general, a contract to purchase real estate "creates an estate by the entireties in the husband and wife." Ind. Code § 32-17-3-1. A contract shall be construed to create a tenancy in common between spouses only if the contract expressly

creates that sort of tenancy or if "it appears from the tenor" of the contract that it was intended to create a tenancy in common. *Id.* Stated differently, if a property deed contains no qualifying words, the married grantees hold the estate as tenants by the entirety. *Ramer v. Smith*, 896 N.E.2d 563, 567 (Ind. Ct. App. 2008). By contrast, "if there are words in the deed which so qualify or define the estate conveyed as to make it apparent that the parties intended the grantees to hold as tenants in common, such intention will prevail and must be given effect." *Richards v. Richards*, 60 Ind. App. 34, 110 N.E. 103, 104 (1915). In conveyances of land to a married couple, all doubts are resolved in favor of estates by the entireties and against joint estates. *Ramer*, 896 N.E.2d at 567.

[12] This case presents an additional twist: Kinney and Fulford, who were husband and wife, bought the property together with Underwood. In general, when a married couple purchases property jointly with a third party, the spouses "will take an undivided one-half interest as tenants by the entireties and the third party will take an undivided one-half interest as a joint tenant." *Ramer*, 896 N.E.2d at 567-68. If, however, the language of the deed expresses an intent to create a joint tenancy or tenancy in common as to each of the purchasers, regardless of the marital relationship, then that intention must be given effect. *See id.* at 569 (deed by which two couples purchased property together established that the four persons' interests in the land were as four joint tenants rather than as two estates by the entireties).

[13] Underwood claims the trial court erred because the deed established that she, Kinney, and Fulford were all tenants in common even though Kinney and

Fulford were married. She concludes that after Kinney died, his interest in the Eighth Street property went to his Estate, which was thus a proper party to her lawsuit. The Estate responds that Kinney and Fulford held one-half of the property as tenants by the entireties, and they were tenants in common with Underwood, who held the other one-half interest in the property. According to the Estate, Kinney's interest in the property passed to Fulford upon his death rather than to his Estate, so the Estate had no interest in the property and was not a proper defendant to Underwood's claim for partition.

[14] The warranty deed states, in relevant part:

> MERRILL DAVIS KISSICK, of legal age ("Grantor"), of MONROE County, Indiana, CONVEYS AND WARRANTS to CHERYL L. UNDERWOOD, of legal age, and KENNETH KINNEY AND JUDITH M. FULFORD, husband and wife, all as Tenants-in-Common ("Grantee"), of MONROE County, Indiana, for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration, the receipt of which is acknowledged, the following described real estate in MONROE County, Indiana . . . .

Appellant's App. p. 13.

[15] The trial court correctly determined that Kinney and Fulford took their interest in the Eighth Street property under the deed as tenants by the entireties. The deed identified Kinney and Fulford's relationship as spouses. *See Citizens Nat'l Bank of Whitley Cnty. v. Stasell*, 408 N.E.2d 587, 592-93 (Ind. Ct. App. 1980) (a deed that granted an interest to a couple as husband and wife created a tenancy by the entireties).

[16]     Underwood points to the phrase "all as Tenants-in-Common" as support for her claim that the deed granted the three grantees a tenancy in common. She cites *Thornburg v. Wiggins* in support of her claim. 135 Ind. 178, 34 N.E. 999 (1893). In that case, a deed granted property to a married couple "in joint tenancy." 34 N.E. at 1002. Our Supreme Court determined that the phrase "in joint tenancy" clearly overcame the presumption in favor of tenancies by the entirety and gave the spouses a joint tenancy in the property. *Id.* By contrast, in the current case the deed's phrase "all as Tenants-in-Common" must be balanced against the identification of Kinney and Fulford as husband and wife and does not clearly overcome the presumption in favor of tenancies by the entirety. *See Simons v. Bollinger*, 154 Ind. 83, 56 N.E. 23, 25 (1900) (phrase in deed conveying land to husband and "his wife, jointly," insufficient to overcome presumption in favor of tenancy by the entirety); *cf. Ramer*, 896 N.E.2d at 569 (the phrase "as joint tenants" sufficient to establish joint tenancy among four couples rather than two estates by the entireties). If the grantor had intended to create a tenancy in common among Underwood, Kinney, and Fulford, then the deed could have omitted the reference to Kinney and Fulford as husband and wife.

[17]     Based on this analysis, Kinney's interest in the Eighth Street Property passed directly to Fulford, and not his Estate, upon his death. *See* Ind. Code § 32-17-3-1. As a result, the Estate had no interest in the property and was not a proper defendant in Underwood's claim for partition. The trial court did not err by granting the Estate's motion to dismiss pursuant to Indiana Trial Rule 12(B)(6).

# Conclusion

[18]     For the foregoing reasons, we affirm the trial court's judgment.

[19]     Affirmed.

Robb, J., and Pyle, J., concur.